**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Perry, | |
|     Plaintiff, | No. CV-10-8229-PCT-PGR |
| vs. | |
| NorthCentral University, Inc., et al., | ORDER |
|     Defendants. | |

    Pending before the Court is Defendants' Motion for Attorneys' Fees (Doc. 26). Having considered the parties' memoranda in light of the relevant record, the Court finds that the motion should be denied.[1]  The Court further finds that the plaintiff's related [Renewed] Motion for Sanctions (Doc. 37) should also be denied.

Background

    The plaintiff, subsequent to his termination from his employment, filed a state court action involving several federal and state law claims related to sexual harassment and retaliation. The defendants removed the action to this Court solely on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331 due to the

---

[1] No party has asked for a hearing on the pending motions and the Court concludes that oral argument would not aid the decisional process.

presence of Title VII claims. The defendants subsequently filed a two-part motion to dismiss the plaintiff's amended complaint. The defendants argued in the first part of their motion that the Court lacked subject matter jurisdiction over the plaintiff's action pursuant to Fed.R.Civ.P. 12(b)(1) and the Federal Arbitration Act (FAA) because the plaintiff's employment contract required that employment-related claims be arbitrated; the Court construed that portion of the motion to dismiss as a motion to compel arbitration under the FAA, 9 U.S.C. § 4. They argued in the second part of their motion that six of the plaintiff's seven state law claims in the amended complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. The Court, relying entirely on the FAA, dismissed the entire action without prejudice on September 19, 2011 based on its finding that all of the plaintiff's federal and state claims were subject to a contractual arbitration provision. As a result, the Court directed the parties to proceed to arbitration before the American Arbitration Association in accordance with the terms of the arbitration provision.[2] The Court specifically stated in its dismissal order that it was not making any ruling on that portion of the defendants' motion seeking a Rule 12(b)(6) dismissal.

Discussion

The defendants, relying solely on Arizona law, are seeking over $43,000 in attorneys' fees related to the one contract-based claim in the plaintiff's amended complaint and to the arbitration issue, as well as their fees related to their pending motion, on the basis that they successfully obtained an order compelling the arbitration of all of the claims the plaintiff raised in his amended complaint.

---

[2] Although the plaintiff stated in his response to the defendants' attorneys' fees motion that the parties' arbitration proceeding was then underway, the Court has no information before it as to whether that proceeding has been completed and, if so, what the outcome was.

Under the well-settled American Rule on the payment of attorney's fees in federal litigation, such fees are generally not awarded to a prevailing litigant absent statutory authorization or an enforceable contractual fees provision.[3] *See* Buckhannon Bd. and Care Home, Inc. v. W. Virginia Dept. of Health and Human Resources, 532 U.S. 598, 602 (2001); Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 247 (1975).  The FAA, which was the sole statutory basis for the Court's underlying order compelling arbitration, does not expressly provide for the payment of attorney's fees to a litigant who obtains a judicial order compelling arbitration, American Reliable Ins. Co. v. Stillwell, 336 F.3d 311, 320 (4th Cir. 2003); *accord*, Electrolux Home Products, Inc. v. United Automobile, Aerospace and Agricultural Implement Workers of America, 343 F.Supp.2d 747, 761 (N.D.Iowa 2004) ("The Federal Arbitration Act does not contain any provisions providing for awards of attorneys' fees to successful or prevailing parties."), *aff'd*, 416 F.2d 848 (8th Cir.2005), and the defendants do not suggest otherwise.  While there is some limited authority for the proposition that awarding attorney's fees to a party who successfully obtains an order compelling arbitration under the FAA may be appropriate, *see e.g.,* Olle v. 5401 Western Ave. Residential, LLC, 569 F.Supp.2d 141, 147 (D.D.C.2008), the Court is persuaded by the reasoning of those courts that have concluded that such an award is improper because an order compelling arbitration, being merely a preliminary procedural order that is not on the merits and

---

[3] The defendants do not contend that any applicable contractual provision in the plaintiff's employment contract provides a basis for their fee request.  The Court notes that the arbitration provision in the employee handbook in effect at the time of the plaintiff's termination merely provided in relevant part that "[t]he costs of arbitration, including consultants and attorney fees, may be ordered reimbursed or otherwise allocated between the parties as determined in the arbitration proceedings."

does not materially alter the legal relationship of the parties, does not make the litigant obtaining the order a prevailing party for purposes of a fee award. *See e.g.*, Foot Solutions, Inc. v. Washio, 2009 WL 4261213 (N.D.Ga. Nov. 24, 2009) (Court, which had dismissed the action because the plaintiffs' claims were governed by an arbitration agreement, denied the defendants' request for attorneys' fees on the ground that their success in having the plaintiff's claims sent to arbitration did not made them a prevailing party for fee purposes since their victory was procedural only and not one on the merits of the plaintiffs' claims.); Frazier v. Johnson, 2009 WL 331372 (M.D.Fla. Feb. 10, 2009) (Court, after granting the defendants' motion to compel arbitration to the extent that the arbitrability of the plaintiffs' claims was for the arbitrator to decide, denied an award of attorneys' fees to the defendants because they were not prevailing parties as that term is normally used for fee purposes since the arbitrator had not yet decided the merits of the case.); Gossett v. Porsche Cars North America, Inc., 2006 WL 3007384 (D.S.Car. Oct. 20, 2006) (Court concluded that its interlocutory order granting the defendant's motion to compel arbitration under the FAA did not make the defendant a prevailing party for purposes of an award of attorneys' fees since it had not shown its entitlement to relief on the merits of the action and had not succeeded on an issue that was significant or fundamental to the case.)

The defendants, cursorily stating that they are not seeking fees under federal law and that Arizona law provides the rule of decision here, argue that A.R.S. § 12-341.01(A) provides the statutory authority for their fee request as they are the prevailing party in a contested matter arising out of a contract. Assuming that Arizona law is applicable here, the Court agrees with the plaintiff that the defendants' request for attorneys' fees pursuant to § 12-341.01(A) is not appropriate at this time.

The plaintiff argues in part that the defendants' success in obtaining an order compelling arbitration is insufficient to make them currently eligible for a fee award under the state statute because the parties' arbitration will determine the successful party and the ultimate prevailing party on a contract issue. As the defendants concede, rather than establishing any presumption that attorney's fees should be awarded in a contract action, this state fee-shifting statute grants courts the discretion to award fees in an action arising out of contract if the party seeking fees was successful and an award of fees is deemed to be appropriate.[4] <u>Associated Indemnity Corp. v. Warner</u>, 694 P.2d 1181, 1183 (Ariz.1985).

Although the Court does not consider the issue to be clearly settled under Arizona law, the Court assumes for purposes of the pending motion that the defendants can be considered successful parties for purposes of § 12-341.01(A) notwithstanding that their success in compelling arbitration did not involve any decision on the substantive merits of any of the plaintiff's claims. *See* <u>Wagenseller v. Scottsdale Memorial Hospital</u>, 710 P.2d 1025, 1047 and 1048-49 (Ariz.1985) (Court, stating that "A.R.S. § 12-341.01 makes no reference to adjudication on the merits as a prerequisite to recovering attorney's fees as a successful party[,]" concluded that the "'successful party' on appeal is not limited to those who have a favorable final judgment at the conclusion of the appeal process" and that the term "may include those who achieve reversal of an unfavorable interim order if that order is central to the case and if the appeal process finally determines an issue of law sufficiently significant that the appeal may be considered as a separate unit.") *But*

---

[4] A.R.S. § 12-341.01(A) provides in part that "[i]n a contested action arising out of contract, express or implied, the court may award the successful party reasonable attorney fees."

*see*, Desert Mountain Properties Ltd. Partnership v. Liberty Mutual Fire Ins. Co., 236 P.3d 421, 440 (Ariz.App.2010) (Court stated that for purposes of A.R.S. § 12-341.01(A), "[t]he successful party is the one that is the ultimate prevailing party in the litigation.") (internal quotation marks omitted), *aff'd,* 250 P.3d 196 (Ariz.2011).

Nevertheless, the Court, in the exercise of its broad discretion, concludes that the defendants should not now be awarded their attorneys' fees for succeeding, as of the time their fees motion was filed, on nothing more than effecting a change in the forum charged with deciding the merits of the plaintiff's claims.[5] The result of that arbitration may very well make the plaintiff the successful party on the contract-based claim raised in his amended complaint. See Frazier v. Johnson, 2009 WL 331372, at *5 (M.D.Fla. Feb. 10, 2009) (After dismissing the action due to a finding that the defendants' motion to compel arbitration should be granted to the extent that the arbitrability of the plaintiffs' claims was for the arbitrator to decide, the court denied defendants' request for attorneys' fees under A.R.S. § 12-341.01 stating: "The procedural skirmish concerning the proper forum for resolution of the plaintiffs' claims

---

[5] The Court notes that the Arizona Court of Appeals, in some post-Wagenseller unpublished decisions, has continued to conclude that it would be premature to award of attorneys' fees under § 12-341.01 to a party that is successful only on a procedural arbitration-related issue. *See e.g.,* National Bank of Arizona v. Stockton, 2011 WL 553226, at *4-5 (Ariz.App. Feb. 17, 2011) (Court, in affirming the denial of attorneys' fees to a party obtaining an order compelling arbitration, noted that the fees request was premature because the action was in its preliminary stage and far from concluded and there was as yet no successful party since there had not been any decision on the merits of the plaintiff's claims.); Perrybuilt Construction, LLC v. Norton, 2009 WL 271229, at *6 (Ariz.App. Feb. 5, 2009) (Court, in reversing an order denying a motion to compel arbitration, declined to award attorneys' fees under § 12-341.01(A) because there had not yet been a decision on the merits of the plaintiff's claims and because it would be more appropriate for the arbitrator to award fees when he or she decided the case on the merits and there was a prevailing party.)

is not what this lawsuit was about. Rather, the plaintiffs' filed this suit seeking various forms of relief on the basis of several theories. ... Those claims seemingly have not been resolved in the defendants' favor. Unless, and until, they are, there would be no justification for awarding the defendants attorneys' fees for simply obtaining their preferred choice of forum. In other words, it would be a completely hollow victory for the defendants to have procured arbitration, if the arbitrator rules against them. It would be anomalous for the defendants to be awarded attorneys' fees for obtaining arbitration only to be hit subsequently with a substantial judgment by the arbitrator on the plaintiffs' claims. In short, it is premature to award the defendants attorneys' fees as the victorious party.") *Cf.* Hellon & Associates, Inc. v. Phoenix Resort Corp., 958 F.2d 295, 300 (9th Cir.1992) (Court, in denying attorneys' fees under A.R.S. § 12-341.01 sought by a litigant that successfully fought a motion to remand, noted that "since at this preliminary stage of the proceedings the action is far from concluded, an award of fees at this time would be premature.")

Also pending before the Court is the plaintiff's [Renewed] Motion for Sanctions (Doc. 37), in which the plaintiff seeks an award pursuant to Fed.R.Civ.P. 11 of his attorneys' fees and costs incurred in responding to the defendants' motion for attorneys' fees.[6] As the Ninth Circuit has noted, "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution" and is therefore a sanction reserved for the "rare and exceptional case where the action is clearly frivolous,

---

[6] While the Court stayed the briefing on this re-filed motion pending its resolution of the defendants' underlying motion for attorneys' fees, the Court notes that the parties have had the opportunity to brief the relevant issues since the plaintiff's initial Rule 11 motion (Doc. 33) was withdrawn by him after being fully briefed due to his realization that he had filed it before complying with the safe harbor provision of Rule 11(c)(2).

is not what this lawsuit was about. Rather, the plaintiffs' filed this suit seeking various forms of relief on the basis of several theories. ... Those claims seemingly have not been resolved in the defendants' favor. Unless, and until, they are, there would be no justification for awarding the defendants attorneys' fees for simply obtaining their preferred choice of forum. In other words, it would be a completely hollow victory for the defendants to have procured arbitration, if the arbitrator rules against them. It would be anomalous for the defendants to be awarded attorneys' fees for obtaining arbitration only to be hit subsequently with a substantial judgment by the arbitrator on the plaintiffs' claims. In short, it is premature to award the defendants attorneys' fees as the victorious party.")  *Cf.* Hellon & Associates, Inc. v. Phoenix Resort Corp., 958 F.2d 295, 300 (9th Cir.1992) (Court, in denying attorneys' fees under A.R.S. § 12-341.01 sought by a litigant that successfully fought a motion to remand, noted that "since at this preliminary stage of the proceedings the action is far from concluded, an award of fees at this time would be premature.")

Also pending before the Court is the plaintiff's [Renewed] Motion for Sanctions (Doc. 37), in which the plaintiff seeks an award pursuant to Fed.R.Civ.P. 11 of his attorneys' fees and costs incurred in responding to the defendants' motion for attorneys' fees.[6] As the Ninth Circuit has noted, "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution" and is therefore a sanction reserved for the "rare and exceptional case where the action is clearly frivolous,

---

[6] While the Court stayed the briefing on this re-filed motion pending its resolution of the defendants' underlying motion for attorneys' fees, the Court notes that the parties have had the opportunity to brief the relevant issues since the plaintiff's initial Rule 11 motion (Doc. 33) was withdrawn by him after being fully briefed due to his realization that he had filed it before complying with the safe harbor provision of Rule 11(c)(2).

legally unreasonable or without legal foundation, or brought for an improper purpose." Operating Engineers Pension Trust v. A-C Co., 859 F.2d 1336, 1345-46 (9th Cir.1988). While the defendants failed to persuade the Court that they are entitled to their attorneys' fees for compelling the arbitration of the plaintiff's action, the Court cannot agree with the plaintiff that the defendants' motion was either frivolous or improperly made for purposes of Rule 11.[7] As previously noted by the Court, there is some federal case law providing that a party successfully obtaining a ruling compelling arbitration under the FAA can be awarded its attorneys' fees, as well as Arizona case law providing that it is not always necessary to prevail on the merits of the underlying claims in order to be deemed a successful party under § 12-341.01(A). Therefore,

IT IS ORDERED that Defendants' Motion for Attorneys' Fees (Doc. 26) is denied.

IT IS FURTHER ORDERED that the plaintiff's [Renewed] Motion for Sanctions (Doc. 37) is denied.

DATED this 16th day of May, 2012.

Paul G. Rosenblatt
United States District Judge

---

[7] While Rule 11(c)(2) grants a court the discretion to award attorneys' fee to the party prevailing on a Rule 11 sanction motion, the Court notes that it would not grant the defendants their fees incurred in defending the plaintiff's Rule 11 motion.